Per curiam

The account against the Plaintiff cannot he admitted to prove the plea of payment, the Defendant *474 should have pleaded the general issue, with a notice of then the Plaintiff would have been made acquainted with the particular items, and might have prepared himself with evidence to contest them. If we allow an account to be proved without being pleaded in bar, or notice of set off given to the Plaintiff, he must necessarily be unprepared to contest it, however erroneous it may be. If such accounts by rules of the common law, were adducible by the common law to prove the plea of payment, it was unnecessary to have made the acts for setting off mutual debts and accounts against each other. The account was rejected. The Defendant then proved the intestate had purchased a house of him, and agreed to give three hundred pounds for it, to be paid by three yearly instalments ; one of which payments was due before the institution of this action, and that he had retained an hundred pounds of the intestate’s estate in his hands to satisfy it. Mr. Bjay urged that a retainer could riot be given in evidence, unless it liad been pleaded. Mr. Taylor, e contra, insisted, that a retainer may be given in evidence under the plea of plene administravit, and cited Esp. 249.
Per curiam — A retainer may be either pleaded or given in evidence under the plea of plene administravit. 3 Burr. 1380. Had the administrator paid a debt of an hundred pounds to a third person, he might certainly have given it in evidence under the plea oí plene administravit; and payment to himself is in the same situation — there is nothing to differ the two cases. The evidence was given as to the other two hundred pounds not yet due Mr. Taylor argued, that the same was a debt due in presentí at tire death of the intestate, and that the administrator immediately upon the death of the intestate was entitled to pay himself in preference to another creditor. •
Per curiam — An executor or administrator is bound to pay those debts that are already due, in preference to those not yet payable. Off. of Ex. 142, 143. The Defendant next proved several payments made after the date of tue leading process in this suit, and several after the plea filed.
Bay — As to the one hundred pounds due at the time of the intestate’s death, I admit the administrator may retain that sum to satisfy his own demand, in preference, *475 to any other creditor of the same degree with himself, or of an inferior degree. By the act of 1786, ch. 4, sec■ 2, notes of hand, and liquidated and settled accounts signed by the debtor, are put upon the same footing with respect to payment by executors or administrators, as debts due by specialty, and our demand is grounded on a note of hand. Bond creditors have always been entitled to be paid in preference to simple contract creditors. Esp. 248, 252, sec. 4. The hundred pounds attempted to be retained is due by simple contract only, and cannot as I contend, be retained to the.prejudice of the Plaintiff, whose demand is equal in point of dignity to-a specialty debt. As to the voluntary payments made after the date of the sci. fa. they do not support the plea of plant administra-vit — one essential part of that plea being, that on the day of suing out the original writ, or at any time afterwards, the Defendant had not in his hands to be administered, any part of the goods or effects of the intestate. A proof of payment made after that day, is so far from being a proof of the plea, that if proves there were assets to the amount of the payment at least, in the hands of the administrator after the teste of the writ. In all events, such payments as were made after the plea pleaded, cannot be received to support it: the plea must be true at that time or it will not be of any avail to the Defendant. It must be true at that time, at least, that there were no assets in the hands of the administrator, to be administered.
Mr. Taylor, in reply — If an executor has no notice of a bond debt, lie may pay a simple contract creditor ; aud that notice must be given by an action actually commenced. He may pay himself before such notice, as wed as he may pay another creditor, otherwise, the executor would be in a worse situation than another creditor, and in that situation the law means not to place him. No notice of the note, now sued upon, was given to she administrator before his retainer of this hundred pounds. As to the payments made after the teste of the writ, and before the plea pleaded, they are surely to be allowed lothe administrator ; for the writ may be taken out and lie in the Sheriff’s hands many months, before any notice of it be had by the administrator. It would he excessively unjust, to disallow payments made fairly aud innocently, before any notice had of a debt of superior dignity. It *476 v;a;, lately decided at Wilmington, at the iast term, thai. ti>e. pk-s ><f tally administered, related only to the time of the plrs iiicg, and that if the administrator had folly ad EiiiniHi.-; cd at that tune, it was sufiinieut.
Ter curiam — An executor or administrator can only retain to ¡satisfy his own demand, vvheu it is of equal dignity viitli that of the creditors to whose disadvantage it is retained — as th« executor cannot sue himself, he is allowed to pay himself by retainer. The law in his favor presumes, that had he not, been executor, he would have used equal diligence with any othercreditorio procure payment, and pS-.ces him with respert to paying himself in the same situation an ii he had used the most exp“ditious diligence■: bin he cannot retain to satisfy himself whilst there are debts of a superior dignity to his. By the. act of 1786, notes are put upon the same footing with bonds, and are made superior to any simple contract debt, where the debs is not liquidated, and settled and signed by the party to be charged; of course, the debt due ¡ft the present case to tire administrator, cannot be satisfied by retainer in preference to the debt of the -Plaintiff, which is by note of hand. As to the voluntary payments made since the teste of the writ, and before the plea pleaded, in strictness, they are not allowable $ though indeed, it seems to be a hardship that .payments made before notice of the writs, and with no design to prejudice the Plaintiff, should not he allowed. As to the payments made after the pica pleaded, they are clearly not allowable.
Note. — That part of the court’s opinion relative to the payment", •nade after the tcslc and before the pl.a, seems not to be coirect; the Saw as laid down in the Of. of Ex. 145, 146, is, that the executor .nay pay another creditor after suit commenced, befóte he have notice, and ■nay then plead that he was not summoned till such u. day, befor.: which, he had fully administered.
IIotb_upon the first point decided in this case, see McDowell admr’s. v. Tate, 1 Dev. Rep, 249, in which it w.s held that an account, signed by one with another, whose bond the first holds for a lan-;-' r.nount, should be left to the jury as evidence of a payment on IJi, bond. With respect to the payment of debts and of retainer by executors and administrators, the law of this state has followed the Enq’ fish law, except that notes of hand and liquidated accounts signed b/ the debtor, are put upon the same footing with specialty det/K. fdj reference to' Teller’s JLaw of Executors, it will be found that ail points adjudged in this case, are sanctioned by the English authorities, except that the position, that administrators and executors are hound to pay debts already due in preference to those not yet payable, is quid - tied by confining it to debts of equal dignity ; and that ait-r a set is commenced the adm’r. or ex’r. may pay any other creditor, before In *477 ¿;a<s notice of the Plaintiff’s demand. Indeed, Haywood the Reporter, adds a quiere to this last point, both in the principal case and in Surv. Partners of McNaughton & Co. v. Blocker’s adm’r. post 417 — and the authorities upon which he relies are recognized in the treatise above referred to. See Toiler’s Lain of Executors, from 281 to 297.